IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRUCE DORR and CAROLE DORR,** | : Civil No. 1:23-CV-00723 |
| **Plaintiffs,** | : |
| v. | : |
| **GCT GLOBAL CONTAINER TERMINALS, INC., GCT BAYONNE, LP, and GCT BAYONNE, LP,** | : |
| **Defendants.** | : Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is a motion to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) filed by Defendants GCT Global Container Terminals, Inc. and GCT Bayonne LP.[1] (Doc. 10.) For the reasons set forth below, the motion will be granted.

## I.   BACKGROUND

This case arises from a dispute about whether Defendants[2] negligently placed an overloaded trailer on Plaintiff Bruce Dorr's ("Mr. Dorr") truck in New Jersey,

---

[1] Although Plaintiffs' complaint asserts claims against two defendants with the name "GCT Bayonne, LP," Defendants move on behalf of GCT Global Container Terminals, Inc. and the singular GCT Bayonne, LP. For purposes of this motion, the court assumes there is only one GCT Bayonne, LP.

[2] Defendant GCT Global Container Terminals, Inc. is a Canadian corporation headquartered in Vancouver, B.C. (*Id.* ¶ 3.) GCT Bayonne LP is a limited partnership registered in both Delaware and New Jersey. (*Id.* ¶¶ 4-5.)

1

causing the tractor-trailer to subsequently crash in Pennsylvania. The following facts taken from the complaint and accompanying exhibits are considered true for purposes of evaluating this motion.

Mr. Dorr was an experienced commercial truck driver working as an independent contractor for Evans Delivery Company, Inc. in Pottsville, Pennsylvania. (Doc. 1 ¶¶ 9-10.) Mr. Dorr owned and operated a truck with an attached twenty-foot trailer. On May 3, 2021, he received an order from Evans Delivery Company directing him to pick up a load at GCT Bayonne, LP ("GCT"), which was operated by GCT Global Container Terminals, Inc. ("Global"), in Jersey City, New Jersey and transport it to Mechanicsburg, Pennsylvania. (*Id.* ¶¶ 12-13.)

Mr. Dorr arrived at GCT the same day and received a previously loaded ocean freight container that exceeded the maximum safe weight limit. (*Id.* ¶¶ 14-18.) Employees of GCT and Global placed the overweight container onto Mr. Dorr's truck. (*Id.* ¶ 16.) Mr. Dorr was not aware that the container was overloaded and unsafe for transport. (*Id.* ¶ 19.) On his way to the delivery location in Mechanicsburg and while driving within the posted speed limit, Mr. Dorr lost control of his tractor-trailer, which flipped over and caught fire, resulting in serious and permanent injuries. (*Id.* ¶¶ 20-28.)

In May 2023, Plaintiffs initiated this action by filing a complaint in the Middle District of Pennsylvania, asserting claims for negligence and loss of consortium against both Global and GCT. (Doc. 1.)

Defendants have filed a motion to dismiss Plaintiffs' claims for lack of personal jurisdiction. (Doc. 11.) The motion attaches an affidavit by Global's General Counsel and Corporate Secretary, Todd Croll, swearing that Global is organized and does business in Canada, and that it is a limited partner in GCT USA, LP, which is in turn a limited partner in GCT. (*See* Doc. 11-1.) The affidavit also swears, among other things, that Global has never conducted or solicited business in Pennsylvania or had property or employees in Pennsylvania. (*Id.*) GCT likewise submitted an affidavit by the Vice President of Finance and Accounting at GCT USA, swearing that GCT is incorporated in Delaware and has never conducted or solicited business in Pennsylvania or had property or employees in Pennsylvania. (*See* Doc. 11-2.) Both affidavits swear that neither Global nor GCT, or their respective agents or employees, overloaded the container or directed the movement of the cargo.[3] (*See* Doc. 11-1 ¶¶ 3, 10, 19, 25; Doc. 11-2 ¶¶ 3, 8, 21.) Rather, GCT merely operated the ocean-container terminal where Mr. Dorr retrieved the

---

[3] An exhibit appended to the complaint further reveals that neither Global nor GCP shipped the goods in the container. (Doc. 1-2, Exhibit A.)

3

container. (*See* Docs. 11-2 ¶ 14.)  The motion has been fully briefed and is ripe for review.

## II.  STANDARD OF REVIEW

"When a defendant challenges the court's personal jurisdiction, the plaintiff bears the burden to come forward with sufficient facts to establish that jurisdiction is proper." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129–30 (3d Cir. 2020) (internal quotation marks and citation omitted). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Usually, the plaintiff can meet its burden "by submitting affidavits or other competent evidence demonstrating that jurisdiction is proper." *Estate of Thompson through Thompson v. Phillips*, 741 F. App'x 94, 96 (3d Cir. 2018). However, where, as here, "the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (internal citation omitted).

## III.  DISCUSSION

4

Pennsylvania's long-arm statute establishes a scope of personal jurisdiction to the extent allowed by the United States Constitution. *See* 42 Pa.C.S. § 5322(b). The Due Process Clause of the United States Constitution permits the exercise of general and specific personal jurisdiction. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General personal jurisdiction exists where the defendant's contacts with the forum are "continuous and systemic." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945). A court with general jurisdiction over a defendant "may hear *any* claim" against them. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (emphasis in original). Specific personal jurisdiction exists where "the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being hauled into court in that forum." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (internal citation and quotation marks omitted). "First, the defendant must have purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal citations, quotations, and brackets omitted). Physical entry is not required for the defendant to have directed

its activities at the forum, but "what is necessary is a deliberate targeting of the forum." *Id.*

Here, Defendants are clearly not subject to general jurisdiction in Pennsylvania. The complaint avers that Global is a Canadian corporation and GCT is a Delaware and New Jersey limited partnership. Plaintiffs do not allege that either company had any contacts in Pennsylvania other than those potentially associated with this case. Because the record is clear that Defendants lack continuous and systematic contacts with Pennsylvania and are not at home in the state, general personal jurisdiction is lacking.

Likewise, Plaintiffs fail to carry their burden of showing specific personal jurisdiction over Defendants because there is no indication in the complaint or broader record that Defendants purposely directed activities at Pennsylvania.[4] Plaintiff does not meaningfully challenge Defendants' affidavit statements that Global and GCT do not conduct or solicit business in Pennsylvania, or that GCT merely accepted the loaded and sealed container at its facility where Mr. Dorr collected it. Nor does Plaintiff challenge that neither Global nor GCT had any control

---

[4] The only tenable way in which Plaintiffs could potentially demonstrate personal jurisdiction is through the "stream of commerce theory," which provides that a forum state "does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297-98 (1980). This theory, however, still requires a defendant to "engage in conduct purposefully directed at [the forum]." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011).

over the container, its cargo, or its movement. Without any suggestion, other than bare allegations in the complaint, that Defendants purposefully directed activities at Pennsylvania, Plaintiffs fail to make a prima facie showing of specific personal jurisdiction over Defendants, and the complaint will be dismissed without prejudice to Plaintiffs' right to re-file in an appropriate jurisdiction.[5]

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be granted. An appropriate order shall follow.

/s/ Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 6, 2024

---

[5] The court declines to exercise its discretion to transfer this case. *See* 28 U.S.C. § 1631 (authorizing transfer "to any other such court in which the action or appeal could have been brought at the time it was filed or notice").